IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RANDY WITT,<br><br>            Plaintiff,<br>     v.<br><br>INTEL CORPORATION LONG-TERM<br>DISABILITY PLAN,<br><br>            Defendant. | Case No.: 3:23-cv-01087-AN<br><br>OPINION AND ORDER |

      Plaintiff Randy Witt brings this action against defendant Intel Corporation Long-Term Disability Plan seeking benefits under the terms of a long-term disability plan (the "Plan") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). On September 8, 2023, plaintiff filed a Motion for Judgment on the Pleadings, ECF [10]. No party has requested oral argument on this motion. For the following reasons, plaintiff's motion is DENIED.

## LEGAL STANDARD

      "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). When the plaintiff brings a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is "properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## BACKGROUND

      The relevant factual background is set forth in full in this Court's prior Opinion & Order from February 16, 2024. Op. & Order, ECF [18]. Procedurally, defendant filed a motion to compel exhaustion of administrative remedies and stay proceedings on August 25, 2023. Def.'s Mot. to Compel,

ECF [8].  Plaintiff filed the present motion for judgment on the pleadings on September 8, 2023.  Mot. for J. on the Pleadings, ECF [10].  On September 21, 2023, this Court stayed briefing on plaintiff's motion pending resolution of defendant's motion.  Minutes of Proceedings, ECF [16].  On February 16, 2024, this Court denied defendant's motion to compel, Op. & Order 18, and briefing on plaintiff's motion was completed on March 18, 2024.

## DISCUSSION

Plaintiff seeks an order requiring that his benefits under the Plan be reinstated and that defendant pay his attorney's fees in this case, along with interest on wrongfully withheld benefits.  Although neither plaintiff's complaint nor defendant's answer contain attached exhibits from the administrative record, plaintiff's motion provides some documents from the administrative record from which he asks this Court to conduct its review: (1) plaintiff's job description; (2) an independent medical exam conducted by Dr. Hurty; (3) the initial approval letter for plaintiff's short-term disability benefits; (4) the file review report completed by Dr. Swain; (5) the original long-term disability claim denial; (6) plaintiff's appeal with supporting evidence; (7) plaintiff's supplemental appeal evidence; and (8) defendant's rebuttal file reviews.  Plaintiff also notes that the plan document is attached to defendant's prior motion to compel.  Ordinarily considering materials outside of the complaint would convert plaintiff's motion into a motion for summary judgment.  *See* Fed. R. Civ. Pro. 12(d).  However, the Court need not undergo that analysis because this evidence is insufficient to comprise a complete administrative record ripe for review.

"Judicial review of an ERISA plan administrator's decision on the merits is limited to the administrative record[.]"  *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 633 (9th Cir. 2009).  The administrative record is comprised of the "papers the insurer had when it denied the claim."  *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999).  Although the Ninth Circuit has not provided a fuller explanation of when an administrative record is considered complete, the well-reasoned opinion in *Walker v. AT & T Benefit Plan No. 3* is persuasive.  338 F.R.D. 658 (C.D. Cal. 2021).  In that case, the plaintiff sought judicial review of an ERISA plan administrator's denial of his claim for disability benefits.  *Id.* at 661.  The defendant refused to provide discovery materials and sought a protective order precluding

2

the plaintiff from seeking any discovery because it contended that the administrative record was already complete. *Id.*

The court disagreed. In assessing when an administrative record is "complete," the court extensively referenced ERISA regulations, defining the administrative record as "all documents, records, and other information relevant to [p]laintiff's disability benefits claim." *Id.* The court highlighted that the regulations provided four definitions of when a document, record, or other information was "relevant to" a claim, including when it was "submitted, considered, or generated in the course of making the benefit determination, *without regard to whether such document, record or other information was relied upon in making the benefit determination*." *Id.* (quoting 29 C.F.R. § 2560.503-1(m)(8)(ii)) (emphasis in original). In denying the defendant's motion for a protective order, the court emphasized that "no court can intelligently review a benefits determination for reasonableness . . . if the administrative record is not objectively complete, accurate, and created in accordance with ERISA regulations." *Id.* at 662.

Like the defendant in *Walker*, plaintiff asks this Court to review his claim based on an incomplete record comprised of his own selections. Indeed, he freely states that he "has simply filed the portions of [the record] which supported his appeal, as well as the rebuttal evidence that the defendant provided to him." Pl.'s Reply to Mot., ECF [20], at 4. In essence, plaintiff asks this Court to review his claim based on the evidence that *he* believes to be relevant. This is at odds with the purpose of judicial review of ERISA claims—reviewing the plan administrator's decision based on the record that was before it. As the party who conducted the initial review, defendant is in the best position to certify that the record before the Court is the same that was before the plan administrator. *See Williamson v. Travelport, LP*, 953 F.3d 1278, 1290 (11th Cir. 2020) ("Obtaining a complete and accurate record is best accomplished not by relying on counsel's interpretation of which documents are relevant, but with a certified record or affidavit from the administrator that the complete and accurate record has been compiled and presented."). Here, however, defendant explicitly states that plaintiff's documents "are not the complete administrative record." Def.'s Resp. in Opp. to Mot., ECF [19], at 6.

The Court has an obligation to review the complete administrative record that was before

the plan administrator when plaintiff's claim was denied—it cannot conduct an adequate review based on self-selected portions of that record, regardless of which party proffers the portions. *See Walker*, 338 F.R.D. at 661-62 (noting that reviewing incomplete record would allow "ERISA plan administrators [to] cherry-pick evidence that supports the denial of a claim" and would limit review to "that one-sided evidence"); *see also Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) (holding that additional evidence was not necessary because district court had complete administrative record from which to conduct adequate review of benefits decision). As such, the Court declines to consider the merits of plaintiff's claim until the complete administrative record is made available to the Court.

## CONCLUSION

Accordingly, plaintiff's Motion for Judgment on the Pleadings, ECF [10], is DENIED. The parties are ordered to submit a joint proposed case management schedule by May 31, 2024 that includes, in addition to other relevant deadlines, a deadline for defendant to file the administrative record.

IT IS SO ORDERED.

DATED this 14th day of May, 2024.

*[signature]*
Adrienne Nelson
United States District Judge